**No. 26-5346**

---

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**OUTMEMPHIS,**
***Plaintiff-Appellee*,**
**v.**

**JONATHAN THOMAS SKRMETTI,
in his official capacity as the Attorney General and Reporter of Tennessee,**
***Defendant-Appellant*.**

**On appeal from the United States District Court
for the Western District of Tennessee
No. 3:23-cv-2670**

# DEFENDANT-APPELLANT'S REPLY BRIEF

**JONATHAN SKRMETTI**
*Attorney General and Reporter*

**MADELINE W. CLARK**
*Solicitor General*

**CODY N. BRANDON**
*Deputy Attorney General*

**Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Cody.Brandon@ag.tn.gov
(615) 532-7400**
*Counsel for General Skrmetti*

# TABLE OF CONTENTS

INTRODUCTION .......... 1
ARGUMENT .......... 1
I. OUTMemphis Lacks Standing to Sue General Skrmetti because the Attorney General Does Not Enforce the Aggravated Prostitution Statute .......... 1
II. General Skrmetti Is Entitled to Sovereign Immunity under *Ex parte Young* because He Does Not Enforce the Aggravated Prostitution Statute .......... 7
CONCLUSION .......... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Block v. Canepa*,
74 F.4th 400 (6th Cir. 2023) ....................8

*Children's Healthcare is a Legal Duty v. Deters*,
92 F.3d 1412 (6th Cir. 1996) ....................7, 8, 9

*Christian Healthcare Centers, Inc. v. Nessel*,
117 F.4th 826 (6th Cir. 2024) ....................5, 6

*Doe v. Holcomb*,
883 F.3d 971 (7th Cir. 2018) ....................8

*EMW Women's Surgical Center, P.S.C. v. Beshear*,
920 F.3d 421 (6th Cir. 2019) ....................8

*Fox v. Saginaw County*,
67 F.4th 284 (6th Cir. 2023) ....................2

*Friends of George's, Inc. v. Mulroy*,
108 F.4th 431 (6th Cir. 2024) ....................1, 5

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................3

*Lynn v. Polk*,
76 Tenn. 121 (1881)....................3

*Matsumoto v. Labrador*,
122 F.4th 787 (9th Cir. 2024) ....................4

*McKay v. Federspiel*,
823 F.3d 862 (6th Cir. 2016) ....................5

*McKee Foods Corp. v. BFP Inc.*,
173 F.4th 242 (6th Cir. 2026) ....................5

*McNeilus Truck & Manufacturing, Inc. v. Ohio ex rel. Montgomery*,
226 F.3d 429 (6th Cir. 2000) ....................9

*McNutt v. Gen. Motors Corp. of Ind.*,
298 U.S. 178 (1936) ....................6

*Moms for Liberty – Wilson Cnty., Tenn. v. Wilson Cnty. Bd. of Ed.*,
155 F.4th 499 (6th Cir. 2025) ....................5

*Morrison v. Bd. of Ed. of Boyd Cnty.*,
521 F.3d 602 (6th Cir. 2008) ....................5

*Mountain View Min. & Mill. Co. v. McFadden*,
180 U.S. 533 (1901) ....................6, 7

*Murthy v. Missouri*,
603 U.S. 43 (2024) ....................5

*Ohio Citizen Action v. City of Englewood*,
671 F.3d 564 (6th Cir. 2012) ....................5

*Okpalobi v. Foster*,
244 F.3d 405 (5th Cir. 2001) ....................8

*In re Omnicare, Inc. Securities Litig.*,
769 F.3d 455 (6th Cir. 2014) ....................6

*Phillips v. State*,
No. M2026-00578-COA-R3-CV (Tenn. Ct. App.) ....................9

*Quillen v. Crockett*,
928 S.W.2d 47 (Tenn. Crim. App. 1995) ....................4

*Russell v. Lundergan-Grimes*,
784 F.3d 1037 (6th Cir. 2015) ....................9

*Simon v. Eastern Ky. Welfare Rights Org.*,
426 U.S. 26 (1976) ....................4

*Universal Life Church Monastery Storehouse v. Nabors*,
35 F.4th 1021 (6th Cir. 2022) ....................3, 4, 6

*Whole Woman's Health v. Jackson*,
595 U.S. 30 (2021) .......... 8, 9

*Ex Parte Young*,
209 U.S. 123 (1908) .......... 1, 10

**Statutes**

Tenn. Code Ann. § 8-7-106 .......... 4

**Other Authorities**

Tenn. Const. art. VI, § 5 .......... 3

## INTRODUCTION

Plaintiff, OUTMemphis, lacks standing against and cannot overcome the sovereign immunity of Defendant, Tennessee Attorney General Jonathan Skrmetti. Defendant-Appellant's Opening Br., 14-27. OUTMemphis nonetheless thinks that because the local prosecutor has promised not to enforce the law, its suit against General Skrmetti is the "best way" to press its challenge. Plaintiff-Appellee Br., 8. Although "[t]hat would be a very convenient way for obtaining a speedy judicial determination," *Ex parte Young*, 209 U.S. 123, 157 (1908), sheer desire to be in court and displeasure with a law does not create jurisdiction. General Skrmetti does not and cannot prosecute anyone for aggravated prostitution. OUTMemphis thus cannot establish a controversy with him and cannot evade his sovereign immunity.

## ARGUMENT

### I. OUTMemphis Lacks Standing to Sue General Skrmetti because the Attorney General Does Not Enforce the Aggravated Prostitution Statute.

To establish standing against General Skrmetti, OUTMemphis must show that something he has done or is imminently about to do causes its injury. *Friends of George's, Inc. v. Mulroy*, 108 F.4th 431, 435 (6th Cir. 2024); Defendant-Appellant's Opening Br. 14-15. It has not, and it cannot. Contrary to OUTMemphis's assertion, General Skrmetti has not "misapprehend[ded] . . . the alleged injury." Plaintiff-Appellee Br., 8. OUTMemphis itself insists that its injury is the "threat of Aggravated Prostitution enforcement." *Id.* at 11, 12. But OUTMemphis faces no

threat of enforcement *from General Skrmetti*, and to establish standing, a plaintiff must tie its alleged injury to the defendant it is suing. *Fox v. Saginaw County*, 67 F.4th 284, 293 (6th Cir. 2023). OUTMemphis recharacterizes its injury as a current "impairment of core services" and argues the mere existence of the pro tem statute creates a controversy between it and General Skrmetti. Neither move can save its case.

OUTMemphis's recharacterization (at 11-13) of its "injury" as "current" does not solve its traceability and redressability problem. It only widens the gap. If OUTMemphis means to establish standing solely through existing "impairment of its core services," Plaintiff-Appellee Br., 11, it must then trace that "impairment" to something General Skrmetti has done *and* explain what a federal court could order him to stop doing to prevent the "impairment." OUTMemphis does neither. General Skrmetti has never brought "Aggravated Prostitution charges" that supposedly "interfere[] with OUTMemphis's ability to perform testing services." Plaintiff-Appellee Br., 11. And because he is doing nothing, there is nothing a federal court could order him to stop. If "OUTMemphis's injury in fact" is indeed only current "impairment of core services," there is no case against General Skrmetti.

Unable to tie an ongoing injury to General Skrmetti, OUTMemphis relies on its theory that he might "enforce" the aggravated prostitution statute through his

authority to request appointment of a pro tem prosecutor. But to support its argument that the specter of a future pro tem request gives it standing, OUTMemphis omits a critical portion of this Court's reasoning in *Nabors*. It is not enough that an officer "can and may take some enforcement action." Plaintiff-Appellee Br., 13 (quoting *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1032 (6th Cir. 2022)) (emphasis removed). OUTMemphis "must show" that the "enforcement action" will be "against [it]." *Nabors*, 35 F.4th at 1032. And that action must be "imminent." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Nabors*, 35 F.4th at 1032. Nowhere did OUTMemphis allege that General Skrmetti has done or is about to do anything "against" it. As this Court already held, "[i]t's the *district* attorneys general . . . that actually initiate criminal enforcement proceedings." *Nabors*, 35 F.4th at 1032. "So there is no *imminent* prosecution that a federal court could coerce *the Attorney General* to refrain from undertaking." *Id*. (first emphasis added).

That is still the case. The constitutional provision this Court analyzed in *Nabors* has not changed: when an elected district attorney "fails or refuses to attend and prosecute according to law, the Court shall have power to appoint an Attorney pro tempore." Tenn. Const. art. VI, § 5. The pro tem statute does not—indeed cannot—change that constitutional provision. *Lynn v. Polk*, 76 Tenn. 121, 130 (1881). The statute merely gives effect to the constitutional provision by prescribing

procedures through which a court might appoint a pro tem. And no matter the "situations" precedent to a pro tem appointment, the appointment remains "judicial." *Quillen v. Crockett*, 928 S.W.2d 47, 51 (Tenn. Crim. App. 1995). Thus, unlike the situation in Idaho under the law OUTMemphis seeks to analogize (at 23), in Tennessee "[t]he Attorney General never steps in."[1] *Nabors*, 35 F.4th at 1032. *Cf. Matsumoto v. Labrador*, 122 F.4th 787, 798 (9th Cir. 2024) (authorizing direct prosecution by the Attorney General).

"[T]he independent action of some third party"—here, the Supreme Court's appointment *and* the appointed pro tem's prosecutorial decision—will always stand between the Attorney General's request and an ultimate prosecution. *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 42 (1976). So, as General Skrmetti has discussed, OUTMemphis "must show"—without "guesswork"—"a substantial risk that, in the near future," at least five links in the chain of enforcement will be complete: (1) a violation of the law in Memphis, (2) the district attorney refuses to prosecute, (3) the attorney general requests a pro tem, (4) the Tennessee Supreme

[1] OUTMemphis's contrary claim that the pro tem statute gives "the Attorney General[] authority to prosecute" is false. Plaintiff-Appellee Br., 3, 19. The Tennessee Supreme Court appoints "some other attorney" to prosecute as pro tem. Tenn. Code Ann. § 8-7-106(a).

Court decides to appoint a pro tem, and (5) the pro tem decides to prosecute.[2] *Murthy v. Missouri*, 603 U.S. 43, 58 (2024); *see* Defendant-Appellant's Opening Br. at 19-20. "On this record"—which contains no allegations about a pro tem appointment at all—"that is a tall order." *Murthy*, 603 U.S. at 58.

Even with unpleaded facts about the 30th Judicial District Attorney General agreeing not to prosecute aggravated prostitution, OUTMemphis never shows that the third link in the requisite causal chain is imminent: that General Skrmetti has requested or is about to request a pro tem. OUTMemphis is wrong that "statutory authority and lack of disavowal are sufficient" to establish the imminence of a pro tem request. Plaintiff-Appellee Br., 22. This Court has repeatedly held the contrary.[3] "Standing is determined at the time the complaint is filed." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 580 (6th Cir. 2012). And when OUTMemphis filed its complaint, there were no facts about General Skrmetti's purported intent to invoke the pro tem statute. *Cf. McKee Foods Corp. v. BFP Inc.*, 173 F.4th 242, 259 (6th Cir. 2026) (finding refusal to disavow when defendant "has,

---

[2] Even then, OUTMemphis has additional attenuation problems tracing some third party's violation of the law and threatened prosecution to its own injury. But the causal chain breaks long before this Court needs to address that additional leap.

[3] *Moms for Liberty – Wilson Cnty., Tenn. v. Wilson Cnty. Bd. of Ed.*, 155 F.4th 499, 511 (6th Cir. 2025); *Friends of George's, Inc.*, 108 F.4th at 440; *Christian Healthcare Centers, Inc. v. Nessel*, 117 F.4th 826, 850-51 (6th Cir. 2024); *McKay v. Federspiel*, 823 F.3d 862, 869 (6th Cir. 2016); *Morrison v. Bd. of Ed. of Boyd Cnty.*, 521 F.3d 602, 610 (6th Cir. 2008).

time and again, indicated that he . . . will enforce . . . going as far as to single them out in at least two letters and a response to public comments"). General Skrmetti never had a chance to disavow when OUTMemphis filed its complaint.

Indeed, OUTMemphis concedes that its argument for standing—deficient as it is—"materialized since [it] filed its Amended Complaint." Plaintiff-Appellee Br., 24. Those unpleaded facts were not "properly judicially noticed." *Id*. at 25. OUTMemphis "cannot use . . . judicial notice . . . to circumvent the Federal Rules of Civil Procedure." *In re Omnicare, Inc. Securities Litig.*, 769 F.3d 455, 467 (6th Cir. 2014). The Federal Rules of Evidence do not change the requirement that a plaintiff "must allege in [its] pleadings the facts essential to show jurisdiction." *McNutt v. Gen. Motors Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Nabors*, 35 F.4th at 1031. The District Court "could not make plaintiff's case other than [plaintiff] made it by taking judicial notice of facts which [plaintiff] did not choose to rely on in [plaintiff's] pleading." *Mountain View Min. & Mill. Co. v. McFadden*, 180 U.S. 533, 535 (1901). Thus, OUTMemphis cannot rely on "additional facts . . . that occurred after [the] complaint was filed . . . to retroactively generate standing." *Christian Healthcare Centers, Inc. v. Nessel*, 117 F.4th 826, 849 (6th Cir. 2024). And even relying on those unpleaded facts, OUTMemphis is still left speculating that General Skrmetti "*might* well take the view" that a pro tem needs appointing, Plaintiff-Appellee Br., 27 (emphasis added)—a view he still has not adopted.

OUTMemphis wants a federal court to hold that the aggravated prostitution statute itself "violate[s] Title II of the ADA" so that "local district attorneys cannot" continue to enforce it. Plaintiff-Appellee Br., 29. But it has not sued any of those local district attorneys. It has not sued anyone who enforces the statute. And for the one person it has sued—the State Attorney General—OUTMemphis has not shown how anything he has done or is imminently about to do discriminates against the disabled. OUTMemphis's abstract objections to the statute thus "brought no controversy" between it and General Skrmetti for which "resort might be had to judicial knowledge." *Mountain View Min. & Mill. Co.*, 180 U.S. at 535. The District Court should therefore have dismissed its complaint.

## II. General Skrmetti Is Entitled to Sovereign Immunity under *Ex parte Young* because He Does Not Enforce the Aggravated Prostitution Statute.

To circumvent General Skrmetti's sovereign immunity under *Ex parte Young*, OUTMemphis must show that he "enforced []or threatened to enforce the allegedly unconstitutional state statute." *Children's Healthcare is a Legal Duty v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996); Defendant-Appellant's Opening Br. 22. It has not done, and cannot do, that either. OUTMemphis just insists that the existence of the pro tem statute makes General Skrmetti suable over any criminal law. Plaintiff-Appellee Br., 30. That is wrong for two reasons.

First, "*Young* does not apply when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional state statute."

*Deters*, 92 F.3d at 1415. That statement was not equivocal, and it was not cabined to the facts of *Deters*. *Contra* Plaintiff-Appellee Br., 32-33. It was an encapsulation of the rule applied consistently by courts across the country. *Deters*, 92 F.3d at 1415 (collecting citations).[4] And that rule is still the law today. An official does not shed his immunity whenever a plaintiff concocts some "series of hypotheticals" that could lead to enforcement. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 44 (2021). "The requirement that there be some actual or threatened enforcement action before *Young* applies has been repeatedly applied by the federal courts," *Okpalobi v. Foster*, 244 F.3d 405, 415, 416 (5th Cir. 2001), including this Court, *see Block v. Canepa*, 74 F.4th 400, 406 (6th Cir. 2023); *EMW Women's Surgical Center, P.S.C. v. Beshear*, 920 F.3d 421, 445 (6th Cir. 2019); *see also Doe v. Holcomb*, 883 F.3d 971, 977 (7th Cir. 2018).

[4] *Deters* cited a broad and longstanding consensus in support of its articulation of the doctrine. 92 F.3d at 1415 (citing *1st Westco Corp. v. School Dist. of Philadelphia*, 6 F.3d 108, 113 (3d Cir. 1993) ("A plaintiff challenging the validity of a state statute may bring suit against the official who is charged with the statute's enforcement only if the official has either enforced, or threatened to enforce, the statute against the plaintiffs."); *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) ("[T]here must be a threat of enforcement."); *Kelley v. Metro. Cnty. Bd. of Ed. of Nashville and Davidson Cnty.*, 836 F.2d 986, 990 (6th Cir. 1987) (holding defendants immune because they were "not threatening to enforce any unconstitutional act"); *Sperry-Hutchinson Co. v. Kuhn*, 212 F. 555, 557 (E.D. Mich. 1912) (holding defendant immune he had not "threatened presently to enforce" an allegedly unconstitutional act)).

This Court's decisions in *Russell v. Lundergan-Grimes*, 784 F.3d 1037 (6th Cir. 2015), and *McNeilus Truck & Manufacturing, Inc. v. Ohio ex rel. Montgomery*, 226 F.3d 429 (6th Cir. 2000), are not to the contrary. *Contra* Plaintiff-Appellee Br., 32.[5] In *Russell*, this Court reiterated "'that the phrase "some connection with the enforcement of the act" does not diminish the requirement that the official threaten and be about to commence proceedings.'" 784 F.3d at 1048 (quoting *Deters*, 92 F.3d at 1416). And in *McNeilus*, this Court began from the premise that the Attorney General was only a "proper defendant[]" "[w]here there is an imminent threat of enforcement" and reiterated that "[t]he *Ex parte Young* doctrine does not apply when the defendant official has neither enforced nor threatened to enforce the statute challenged as unconstitutional." 226 F.3d at 437, 438 (citing *Deters*, 92 F.3d at 1415). So OUTMemphis is wrong that a threat of enforcement "is not the legal standard." Plaintiff-Appellee Br., 31.

Second, *Young* applies only "when a suit challenges the constitutionality of a state official's *action*." *Deters*, 92 F.3d at 1415 (emphasis in original). Just as a federal court may enjoin only "specified unlawful actions," *Whole Woman's Health*,

[5] And the state-court interlocutory rulings that OUTMemphis says support its argument (*id.* at 33) are now on appeal. *See Phillips v. State*, No. M2026-00578-COA-R3-CV (Tenn. Ct. App.). Besides, that court did not address *Ex parte Young* at all. Instead, it found General Skrmetti's "sovereign immunity [was] waived" under a since-repealed statute and Tennessee precedent. R.152-2, PageID# 1861-62.

595 U.S. at 44, *Young* permits only a suit to stop threatened "proceedings" (i.e., an "action") to "enforce against" a party an unconstitutional act, 209 U.S. at 156. That is because the doctrine operates only where an officer "ha[s] no legal right to do" the "act" that is challenged. *Id*. at 159. General Skrmetti has not taken, and cannot take, any action against OUTMemphis. Any dispute it has would be with local district attorneys, whom it chose not to sue. That dispute gives it no basis to evade General Skrmetti's immunity.

## CONCLUSION

For the reasons stated here and in Defendant-Appellant's Opening Brief, the Court should reverse the District Court and remand with instructions to dismiss the remaining claim against General Skrmetti.

Respectfully submitted,

JONATHAN SKRMETTI
*Attorney General & Reporter*

MADELINE W. CLARK
*Solicitor General*

*/s/ Cody N. Brandon*
CODY N. BRANDON
*Deputy Attorney General*

Office of the Tennessee
Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Cody.Brandon@ag.tn.gov

(615) 532-7400
*Counsel for General Skrmetti*

## CERTIFICATE OF COMPLIANCE

This brief complies with the Court's type-volume limitations because it contains 2,412 words, excluding portions omitted from the Court's required word count.

This brief complies with the Court's typeface requirements because it has been prepared in Microsoft Word using fourteen-point Times New Roman font.

*/s/ Cody N. Brandon*
CODY N. BRANDON
Deputy Attorney General

## CERTIFICATE OF SERVICE

On August 6, 2026, I filed an electronic copy of this brief with the Clerk of the Sixth Circuit using the CM/ECF system. That system sends a Notice of Docket Activity to all registered attorneys in this case. Under 6 Cir. R. 25(f)(1)(A), "[t]his constitutes service on them and no other service is necessary."

*/s/ Cody N. Brandon*
CODY N. BRANDON
Deputy Attorney General